UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROXIE MOON, on behalf of
herself and those similarly situated,

Plaintiff,

-vs-                                           Case No.  5:06-cv-358-Oc-10GRJ

TECHNODENT NATIONAL, INC., a Florida
corporation,

Defendant.
_____

## O R D E R

On September 28, 2006, the Plaintiff filed a Complaint against her former employer alleging violations of the overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C.  § 216(b), ("FLSA").  (Doc.  1).  The case is now before the Court for consideration of the Defendant's Motion for Summary Judgment, (Doc.  29), to which the Plaintiff has filed a response in opposition.  (Doc.  33).  The motion is therefore ripe for review and is due to be Denied in its entirety.

## Factual Background

The Defendant, Technodent National Inc., ("Technodent"), is a Florida corporation located in Leesburg, Florida.  The Company owns and operates two dental laboratories, one in Leeseburg, Florida, under the name AMA Dental Lab, and the other in Tampa, Florida, under the name Tru-cast Dental Prosthetics.  At all relevant times, the combined annual gross sales volume of the two laboratories exceeded $500,000.

The Plaintiff, Roxie Moon, was employed as a dental lab technician by Technodent from approximately October 2003 to June 2006.   Ms.  Moon primarily worked at the Leesburg, Florida dental laboratory, but for at least six months of her employment she worked at the Tampa, Florida location.  Throughout her employment with Technodent, Ms. Moon generally worked approximately 60 hours per week.

Until October 2004, Ms.  Moon was classified as a non-exempt, hourly employee. Her rate of pay was approximately $16.00 per hour.   In October 2004 Maher Odeh purchased Technodent National, Inc., and re-classified Ms.   Moon as an exempt managerial employee, with a salary of approximately $680.00 per week.  According to Technodent, Ms.  Moon's new responsibilities included managing the laboratory in Odeh's absence, ordering and keeping up with supplies, interviewing candidates for employment, talking to doctors and their assistants whenever needed, and disciplining and firing employees.[1]   According to Ms.  Moon, however, she never possessed any authority to interview, select, hire, train, supervise, discipline, or fire  employees.  She also never had the any authority to determine the type of materials, supplies, equipment or tools to be ordered and used at either laboratory.   Rather, her primary duties were related to the creation of a variety of permanent dental fixtures based on molds of patients' teeth.

Ms.  Moon's employment with Technodent ended in June 2006.  On September 28, 2006, Ms.  Moon filed her Complaint in this action, (Doc.  1), consisting of a single claim

---

[1]In particular, Technodent points to one instance where Odeh authorized Ms.  Moon to fire an employee and Ms.  Moon chose not to follow Odeh's suggestion.

seeking recovery of unpaid overtime compensation.  Ms.  Moon further contends that Technodent's alleged violations of the FLSA were intentional and willful, and therefore seeks liquidated damages, as well as attorney's fees and costs.

### Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party." Samples on Behalf of Samples v. Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).  As the Supreme Court held in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.  If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove." Rollins v. Techsouth, 833 F.2d 1525, 1528 (11th Cir. 1987).  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried. Celetex, 477 U.S. at 324.

**Discussion**

Technodent contends that it is entitled to summary judgment for two reasons: (1) it is not a covered "enterprise" as defined under 29 U.S.C. § 203(s)(1)(A) and is not subject to the FLSA's overtime compensation requirements; and (2) at all relevant times Ms. Moon was an exempt, salaried employee under the FLSA's executive exemption, <u>see</u> 29 U.S.C. § 213(a)(1).

I.     Enterprise Coverage

The FLSA provides coverage where an enterprise (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) "whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(s)(1)(A)(i)-(ii).  The FLSA further defines the term "enterprise" as

> the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor.

29 U.S.C. § 203(r)(1).

Technodent concedes that it engaged in commerce or in the production of goods for commerce during all relevant time periods, and further acknowledges that it grossed in

4

excess of $500,000 in annual sales for the years 2004 through 2006.  Nevertheless, Technodent argues that it is not an enterprise for purposes of FLSA coverage because the Court should treat each of its dental laboratories as separate entities when assessing gross annual sales.[2]

The Court will decline to do so.  It is undisputed that Technodent owns both dental laboratories, that both laboratories perform substantially the same work and share common management, and that Ms.  Moon worked at both locations on numerous occasions. Based upon these facts, and given Technodent's failure to provide any persuasive authority to support its position, the Court finds, at least for summary judgment purposes, that Technodent satisfies the definition of "enterprise."  Technodent's motion for summary judgment is therefore due to be Denied on this ground.

II.   Executive Exemption

Technodent next argues that since at least October 2004, Ms.  Moon has been properly classified as an exempt executive employee, and is not entitled to overtime compensation.  In general, the FLSA mandates that employees receive one and one-half times their regular rate of pay for all hours worked in excess of forty per week.  See 29

---

[2]According to Technodent, while the dental labs combined gross in excess of $500,000 in sales, when taken as separate entities, neither lab exceeds the $500,000 threshold.  However, Technodent has not provided any evidence to support this claim.  Rather, Technodent relies solely on the affidavit of Maher Odeh which merely states that it is his "understanding, however, when considered separately, each dental lab . . . has an annual gross volume of less than $500,000 for 204, 2005, and 2006."  While Odeh's affidavit references several Profit and Loss Statements, no such documents have been provided to the Court.

U.S.C. § 207(a)(1).  However, an exemption is provided for "any employee employed in a bona fide executive . . . capacity" who receives payment on a salary basis.  29 U.S.C. § 213(a)(1).  Specifically, federal regulations define an "employee employed in a bona fide executive capacity" as an employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week . . . , exclusive of board, lodging or other facilities;
>
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.1.  The employer has the burden of establishing that it is entitled to the exemption, which the Court must construe narrowly.  See Klinedinst v. Swift Invs., Inc., 260 F.3d 1251, 1254 (11th Cir. 2001); Avery v. City of Talladega, 24 F.3d 1337, 1340 (11th Cir. 1994).

There is no dispute that between October 2004 and June 2004, Ms.  Moon was compensated at a rate in excess of $455 per week.  The Parties do dispute, however, the remaining three requirements for the executive employee exemption.  In fact, the Parties' positions on these three requirements could not be farther apart.  On the one hand, Technodent argues that Ms.  Moon had the authority to supervise and interview prospective employees, to discipline and fire employees, to manage and order supplies for

the laboratory, and to generally manage the laboratory in the owner's absence.  On the other hand, Ms.  Moon avers that she never had any authority to manage either laboratory, could not hire, fire, train, discipline or otherwise supervise any employees, and had no responsibility over office supplies or equipment or other office functions.  Instead, Ms. Moon contends she worked solely as a dental lab technician, nothing more.

Both sides have limited the evidence submitted to support their positions to a single affidavit: Technodent has attached an affidavit from Maher Odeh, the owner of Technodent, whereas Ms.  Moon has submitted her own affidavit.  These affidavits present polar opposite interpretations of Ms.  Moon's working environment at Technodent, thereby creating numerous material issues of fact which cannot be resolved at the summary judgment stage.  Moreover, the affidavits were made by persons who clearly have vested interests in the outcome of this case, thereby placing their credibility squarely at issue. Such credibility determinations are best left for the jury to resolve at trial, with the benefit of a more fully developed evidentiary record.

Because the Court cannot, at this time, resolve the multitude of factual discrepancies concerning the nature of Ms.  Moon's primary job duties at Technodent, the motion for summary judgment is due to be Denied.[3]

---

[3]Technodent relies upon several cases in which summary judgment was granted in favor of an employer where the employee performed both exempt and non-exempt job duties.  See, e.g., Posely v. Eckerd Corp., 433 F.  Supp.  2d 1287 (S.D. Fla.  2006) (retail store managers who spent as much as 80% of their day performing non-exempt tasks were exempt from overtime); Moore v. Tractor Supply Co., 352 F.  Supp.  2d 1268 (S.D. Fla.  2004) (finding that store manager
(continued...)

## **Conclusion**

Accordingly, upon due consideration, Defendant Technodent National, Inc.'s Motion for Summary Judgement, (Doc. 29), is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 21st day of February, 2008.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record

---

[3](...continued)
was exempt under the executive exemption even though 95% of his time was spent on non-exempt tasks). These cases are of no assistance at this point in the litigation where the material facts are largely in dispute. Simply put, there is no way for the Court to assess what percentage, if any, of Ms. Moon's time at Technodent was spent performing either exempt or non-exempt tasks.