**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROXIE MOON,**

**Plaintiff,**

**-vs-**                                                    **Case No. 5:06-cv-358-Orl-PCF-GRJ**

**TECHNODENT NATIONAL, INC., a Florida**
**Corporation,**

**Defendant.**

_____

# ORDER

This case comes before the Court on the following:

1.     Supplemental Memorandum of Law in Support of Liquidated Damages by Plaintiff (Doc.

No. 71, filed Mar. 20, 2008);

2.     Renewed Motion of Defendant for Judgment as a Matter of Law or in the Alternative

New Trial, Motion for Remittitur and Supporting Memorandum of Law (Doc. No. 72,

filed Apr. 1, 2008);

3.     Response of Defendant to Plaintiff's Supplemental Memorandum of Law in Support of

Liquidated Damages (Doc. No. 73, filed Apr. 7, 2008); and

4.     Plaintiff's Response Memorandum of Law in Opposition to Defendant's Dispositive

Motion for Summary Judgment (Doc. No. 74, filed Apr. 10, 2008).[1]

---

[1]     There is no motion for summary judgment currently pending.  However, this document appears to be a response to Defendant's Motion for Judgment as a Matter of Law.

**Background**

Plaintiff Roxie Moon sued her former employer, Defendant Technodent National, Inc., alleging violations of the overtime compensation provision of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA").  (Doc. No. 1.)  The case proceeded to a jury trial on March 17 and 18, 2008.   The jury ultimately found Technodent liable under the FLSA and awarded Moon $23,460 in damages.  (Doc. No. 67.)  The Court also submitted a special interrogatory to the jury for an advisory verdict regarding Moon's entitlement to liquidated damages under the FLSA.  (*Id.*)  The jury found that she was not entitled to liquidated damages. (*Id.*)

Following the verdict, Moon orally moved for an award of liquidated damages, and Technodent orally moved for judgment as a matter of law.  (Doc. No. 65.)  Both parties filed supplemental motions and responses.  (Doc. Nos. 71, 72, 73, 74.)

**Analysis**

**I.      Defendant's Motion for Judgment as a Matter of Law**

Defendant's Motion for Judgment as a Matter of Law requests judgment on Plaintiff's claims under Federal Rule of Civil Procedure 50, a new trial under Rule 59, and remittitur under Rule 59. (Doc. No. 72 at 2.)

Judgment as a matter of law under Federal Rule of Civil Procedure 50 is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party. *Rosa v. City of Fort Myers*, No. 2:05-cv-481-FtM-29SPC, 2008 WL 398975, at *1 (M.D. Fla. Feb. 12, 2008) (citing *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1251 (11th Cir. 2007)). "[I]n deciding on a Rule 50 motion[,] a district court's proper analysis is squarely and narrowly focused on the sufficiency of evidence." *Chaney v. City of Orlando*, 483 F.3d 1221,

1227 (11th Cir. 2007). As such, "[t]he jury's findings should be excluded from the decision-making calculus on a Rule 50(b) motion, other than to ask whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial." *Id.* at 1228. The Court looks at the record evidence, drawing all inferences in favor of the nonmoving party. *Nurse "Be" v. Columbia Palms W. Hosp. L.P.*, 490 F.3d 1302, 1308 (11th Cir. 2007). A jury verdict "must be left intact if there is evidence from which the decision maker . . . reasonably could have resolved the matter the way it did." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1264 (11th Cir. 2008). Even if the evidence would have supported a verdict for the losing party, "[t]he issue is not whether the evidence was sufficient for [the losing party] to have won, but whether the evidence was sufficient for it to have lost." *Id.*

A motion for a new trial under Federal Rule of Civil Procedure 59 may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." *Rosa*, 2008 WL 398975, at *1 (quoting Fed. R. Civ. P. 59(a)(1)(A)). "Such reasons include a verdict that is against the weight of the evidence, substantial errors in the admission or rejection of evidence, and improper opening statements or closing arguments." *Id.* at *1 (citing *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *Christopher v. Florida*, 449 F.3d 1360, 1365-66 (11th Cir. 2006)) (citations omitted). Resolution of a motion for a new trial is committed to the discretion of the trial court. *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999).

Finally, when a court determines that the damages awarded by a jury are excessive but the finding of liability is supported by the evidence, the court should order remittitur or a new trial limited to the issue of damages. *See, e.g.*, *Simon v. Shearson Lehman Bros., Inc.*, 895 F.2d 1304, 1310 (11th Cir. 1990); *Wilson v. Taylor*, 733 F.2d 1539, 1549-50 (11th Cir. 1984), *overruled on*

*other grounds by Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989). Of course, a plaintiff may always choose a new trial over remittitur.  *See* U.S. Const. amend. VII; *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1329 (11th Cir.1999) ("[N]o judgment for a remittitur may be entered without the plaintiff's consent because the Seventh Amendment prohibits the court from substituting its judgment for that of the jury's regarding any issue of fact.").  The decision whether to grant a new trial or remittitur on the grounds of excessive damages is a matter within the sound discretion of the district court.  *E.g.*, *Middlebrooks v. Hillcrest Foods, Inc.*, 256 F.3d 1241, 1249 (11th Cir. 2001); *Simon*, 895 F.2d at 1310.

### A.     Judgment as a Matter of Law

Technodent cites two reasons why it should receive judgment as a matter of law.  First, Technodent contends that Moon "failed to show that she worked overtime between October 2004 through June 2006."  (Doc. No. 72 at 4.)  Second, Technodent argues that it "established that Plaintiff's responsibilities were covered by the executive exemption of the FLSA."  (*Id.* at 5.)

### 1.     Whether Moon Produced Sufficient Evidence that She Worked Overtime

When an employer's time keeping is "inaccurate or inadequate," the employee must only demonstrate "that [s]he has in fact performed work for which [s]he was improperly compensated . . . [by] produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375-76 (11th Cir. 1990) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).  After the employee meets this burden, the employer must "come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence."  *Id.*  Technodent contends that Moon failed to meet her initial

burden because "she just provided her self-serving testimony that she worked in excess of 40 hours a week." (Doc. No. 72 at 5.) Thus, Technodent argues, she "asked the jury to *infer* that she actually worked overtime, as well as the overtime that she claimed to have worked." (*Id.* (emphasis added).) Technodent also appears to argue that its timekeeping was not "inadequate or inaccurate" because Moon was the one who decided not to keep track of her own time. (*Id.*)

Technodent's arguments lack merit. An employee's initial burden of production is minimal, and as a result, "self-serving" testimony is sufficient to establish a prima facie case.[2] *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 336 (S.D.N.Y. 2005); *Turner v. Human Genome Science, Inc.*, 292 F. Supp. 2d 738, 748 (D. Md. 2003) ("A prima facie case can be made through an employee's testimony giving his recollection of hours worked . . . [and his case] is not to be dismissed nor should recovery for back pay be denied, because proof of the number of hours worked is inexact or not perfectly accurate. " (internal quotations omitted)). Moreover, an employee need only establish the overtime work as a "just and reasonable inference," meaning that it is perfectly acceptable to ask the jury to "infer" the extent of the employee's overtime work. *Anderson*, 328 U.S. at 687. Finally, Technodent has offered no serious argument that it kept adequate and accurate records. The fact that Moon decided not to record her own time is a red herring; the FLSA requires the employer, not the employee, to keep records. *Anderson*, 328 U.S. at 688. Thus, Moon presented sufficient evidence of her overtime work to justify a verdict in her favor.

---

[2]    The only evidence Technodent offered to the contrary was the "self-serving" testimony of its majority shareholder and President.

**2.      Whether Defendant Established, as a Matter of Law, that Moon was a Exempt from Overtime Pay Under the FLSA**

Technodent next argues that it is entitled to judgment as a matter of law because it made Moon "a salaried exempt employee" under the "executive exemption" of 29 U.S.C. § 213(a)(1). (Doc. No. 72 at 5.)  Technodent contends that Moon was an exempt employee because (1) she was in charge of the lab when Odeh, the owner, left; (2) Odeh gave substantial weight to her recommendations as to new employees; (3) Odeh told her to terminate an employee; (4) she trained new employees; (5) she ordered supplies on Technodent's behalf; and (6) she made trips to another laboratory in Tampa.  (*Id.* at 6-7.)

Federal regulations define an "employee employed in a bona fide executive capacity" as an employee:

(1) Compensated on a salary basis at a rate of not less than $455 per week . . . , exclusive of board, lodging or other facilities;

(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(3) Who customarily and regularly directs the work of two or more other employees; and

(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100.   The employer has the burden of establishing that it is entitled to the exemption, which the Court must construe narrowly.  *See Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1254 (11th Cir. 2001).

Technodent raised this same argument in support of its Motion for Summary Judgment. The Court rejected the argument because determining whether Moon was exempt under the FLSA

essentially turned on the credibility of conflicting affidavits. (Doc. No. 41 at 7, filed Feb. 21, 2008.). At trial Moon testified that she spent most of her time performing labor as a dental technician and that she had very little say in the management of Technodent. Two other employees corroborated her testimony in crucial respects. On the other hand, Odeh testified that Moon played a significant management role and that he gave her input great weight in managing the company.

Thus, the determination of whether Moon is exempt under the FLSA again is a credibility determination. Moon's version of the facts was sufficient to find that she was a non-exempt employee, even though Odeh offered testimony to the contrary. *See* 29 C.F.R. § 541.100. The jury appears to have found Moon's testimony to be more credible, and the Court is not permitted to second guess that determination. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Moreover, Technodent bore the burden to establish the exemption. *Klinedinst*, 260 F.3d at 1254. Odeh's testimony, in light of Moon's conflicting testimony, was not sufficient to establish Technodent's entitlement to judgment as a matter of law on an issue on which it carried the burden of proof. Accordingly, sufficient evidence supports the jury's verdict.[3]

---

[3]     Defendant cites several cases in support of its argument that were previously distinguished by this Court in its Order denying summary judgment:

> Technodent relies upon several cases in which summary judgment was granted in favor of an employer where the employee performed both exempt and non-exempt job duties. *See, e.g.*, *Posely v. Eckerd Corp.*, 433 F. Supp. 2d 1287 (S.D. Fla. 2006) (retail store managers who spent as much as 80% of their day performing non-exempt tasks were exempt from overtime); *Moore v. Tractor Supply Co.*, 352 F. Supp. 2d 1268 (S.D. Fla. 2004) (finding that store manager was exempt under the executive exemption even though 95% of his time was spent on nonexempt tasks).

(continued...)

## B.      Defendant's Entitlement to a New Trial

Defendant requests a new trial in its Motion but then omits any argument, factual support, or legal authority in favor its position.  Upon review of the record, the Court finds that there is no reason to grant a new trial under Federal Rule of Civil Procedure 59.  *See Rosa*, 2008 WL 398975, at *1; Fed. R. Civ. P. 59(a)(1)(A).

## C.      Remittitur

Finally, Defendant requests that the Court reduce Moon's award "because there was no evidence supporting the result."  (Doc. No. 72 at 8.)  According to Technodent, "Plaintiff did not present any evidence in the form of time cards or live witnesses supporting any alleged overtime. . . ."  (*Id.*)  Technodent further argues that Moon's testimony was contradicted by the testimony of another Technodent employee who stated that he rarely worked overtime.  (*Id.* at 9.)  Finally, Technodent contends that "there was no indication" that the jury considered Moon's vacation time, sick time, and holidays in reaching its verdict, evidenced by the jury's speedy deliberation of less than an hour.  (*Id.*)

These arguments lack merit.  As explained above, Moon's testimony was sufficient to establish a prima facie case that she worked overtime.  The burden then shifted to Technodent to negate this testimony.  Moon was not required to present time cards or corroborating testimony.  As

---

[3](...continued)
These cases are of no assistance at this point in the litigation where the material facts are largely in dispute.

(Doc. No. 41 at 8 n.3.)  Likewise, the material facts were still "largely in dispute" at the close of evidence.  The jury resolved those facts in favor Moon, and Technodent's citation to cases where there was no dispute that the employees had substantial management duties offers no real guidance on the present issue.

the Supreme Court has explained, such a requirement would significantly hamstring employees who are pursuing overtime claims under the FLSA. *Anderson*, 328 U.S. at 686-87. Furthermore, another employee's testimony that he occasionally worked overtime does not establish that it was unreasonable to find that Moon, employed in a different position, worked 920 hours of overtime between October of 2004 and June of 2006.

Finally, the jury's quickly-reached verdict is not proof that its members failed to consider certain pieces of evidence. Such a quick deliberation could just as easily be a sign that Technodent presented a weak case. Moreover, Defendant's argument misses the mark. The issue before the Court does not concern the jury's deliberations. Rather, the question is limited to "whether there was sufficient evidence, as a legal matter, from which a reasonable jury could find for the party who prevailed at trial." *Chaney*, 483 F.3d at 1228. Because there was sufficient evidence in the record to support the jury's award of damages, Technodent's request for remittitur must be denied.

## II.   Plaintiff's Motion for Liquidated Damages

Moon requests that the Court award her liquidated damages despite the jury's advisory opinion to the contrary.[4] She argues that Technodent "did nothing, absolutely nothing, prior to the filing of this lawsuit to investigate whether its pay practices were in compliance with the FLSA." (Doc. No. 71 at 2.) Technodent responds that Odeh "contact[ed]" and "relied on" a payroll company. (Doc. No. 73 at 4.)

The FLSA provides that "[a]ny employer who violates . . . [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their

---

[4]      A court may ask the jury to render an advisory opinion whether an employee is entitled to liquidated damages. *Robinson v. Food Serv. of Belton, Inc.*, 415 F. Supp. 2d 1232, 1239 (D. Kan. 2005). However, the court is not bound to follow the jury's decision. *See id.*

unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  However, an employer may avoid liquidated damages by demonstrating that it acted in good faith and had reasonable grounds for believing its act or omission was not a violation of the FLSA. *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991).

This determination has both a subjective and objective component. *Id.*  The subjective component refers to the employer's actual belief. *See id.*  On the other hand, the objective component measures the reasonableness of the employer's belief and appears to "require[] some duty to investigate potential liability under the FLSA." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979).[5]  As for procedural matters, the defendant bears the burden of avoiding the imposition of liquidated damages, *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987), and "the Act assigns to the judge the role of finding whether the employer acted in subjective and objective good faith for liquidated damages purposes." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (citing 29 U.S.C. § 260).

Technodent did not satisfy this burden at trial.  The cases interpreting the above standard have made it clear that the employer's burden to establish "good faith and . . . reasonable grounds" is not a light one. *See Friedman v. S. Fla. Psychiatric Assocs., Inc.*, 139 F. App'x 183, 185-86 (11th Cir. 2005) (employer's testimony that it researched the FLSA in the past was insufficient because it did not update its research);  *Spires v. Ben Hill County*, 980 F.2d 683, 690 (11th Cir. 1993) (employer failed to demonstrate  good faith because "it took no action whatsoever to investigate its

---

[5]        In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

compliance with the [FLSA] until it was contacted by the plaintiff's counsel"); *Joiner*, 814 F.2d at 1539 (Department of Labor's amendment of a rule exempting the employer from coverage "deprived [the employer] of a good faith defense"); *McGuire v. Hillsborough County, Fla.*, 511 F. Supp. 2d 1211, 1216-17 (M.D. Fla. 2007) (employer failed to show good faith because it relied on non-binding case law from the outside the Eleventh Circuit and failed to adequately consider Department of Labor regulations).

In this case, there is  virtually no evidence that Odeh had an objectively reasonable belief that Technodent was complying with the FLSA.  Odeh testified that he relied on a handbook created by Technodent's payroll company to classify his employees.  However, he never spoke to a lawyer or to the Department of Labor to confirm the classification, even after Moon left a printout on his desk regarding overtime compensation under the FLSA.  Critically, there is no evidence suggesting that Odeh ever conducted an "investigation" into his responsibilities under the FLSA.  Although Odeh stated that he used a company to "supervise" the payroll, he never stated that he discussed Moon's specific case or even the FLSA in general with the company. At best, the evidence suggests that Odeh misinterpreted statements contained in the payroll company's handbook, the payroll company provided him with inaccurate information regarding his responsibilities under the FLSA, or Odeh simply never thought about the issue because he thought the payroll company would take care of any legal issues with employee classifications.[6]  Because these inferences do not amount to evidence

---

[6]     Perhaps Technodent could have demonstrated objective good faith by showing that its interpretation of the FLSA was flawed but nevertheless reasonable in light of the circumstances. *Cf. McGuire*, 511 F. Supp. 2d at 1216-17 (determining that an employer's interpretation of the FLSA was unreasonable and therefore did not establish good faith).  However, Technodent has chosen not to elaborate on the details of its mistaken classification, instead making the broad-stroke argument that good faith is established by the use of a payroll company.  (Doc. No. 73 at 3-4.)

of an investigation, Tenchodent has failed to meet its burden to demonstrate that it had "reasonable grounds" to believe that it was in compliance with the FLSA.  *Barcellona*, 597 F.2d at 469 (demonstrating "non-defiant ignorance" does not satisfy an employer's burden to avoid liquidated damages because "[e]ven inexperienced businessmen cannot claim good faith when they blindly operate a business without making any investigation as to their responsibilities under the labor laws").

Accordingly, Plaintiff is entitled to liquidated damages.

### Conclusion

The Court **DENIES** the Renewed Motion of Defendant for Judgment as a Matter of Law or in the Alternative New Trial, Motion for Remittitur and Supporting Memorandum of Law (Doc. No. 72, filed Apr. 1, 2008), and **GRANTS** the Supplemental Memorandum of Law in Support of Liquidated Damages by Plaintiff (Doc. No. 71, filed Mar. 20, 2008).  Plaintiff is awarded liquidated damages in an amount equal to, and in addition to, the jury's award of damages.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May_19_, 2008.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record