UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROXIE MOON, on behalf of herself and those
similarly situated,

        Plaintiff,

v.                                           Case No.  5:06-cv-358-Oc-19GRJ

TECHNODENT NATIONAL INC., a Florida
corporation,

        Defendant.

_____

## REPORT AND RECOMMENDATION[1]

      This cause came on for consideration without oral argument on Plaintiff's Amended Motion For Award of Attorney's Fees and Costs and Incorporated Memorandum of Law.[2] (Doc. 79.)

      Pursuant to the Court's August 5, 2008 Order (Doc. 83), Defendant was directed to file a response to Plaintiff's Amended Motion for Award of Attorney's Fees and Costs by August 25, 2008. Defendant subsequently requested—and was granted—an extension to and through September 24, 2008 to obtain substitute counsel and to file a response to Plaintiff's Amended Motion For Award of Attorney's Fees and Costs . (Doc. 85.) Defendant has failed to retain counsel or respond to Plaintiff's motion, and the time for doing so has passed. Accordingly, this matter is ripe for adjudication.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] Plaintiff's motion amends the previously filed Plaintiff's Motion for Award of Attorney's Fees and Costs (Doc. 78) by adjusting the amount of costs requested from $1613.55 to $1915.15, and by incorporating two previously omitted exhibits.

For the reasons discussed below, it is respectfully recommended that Plaintiff's Amended Motion For Award of Attorney's Fees and Costs (Doc. 79) be **GRANTED in part and DENIED in part**.

## I.  BACKGROUND

Plaintiff sued her former employer, Defendant, alleging violations of the overtime compensation provision of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). (Doc. 1.) The cause came on for a two day trial in March 2008. The jury ultimately found Defendant liable under the FLSA and awarded Plaintiff damages. (Doc. 67.) Judgment was entered in favor of Plaintiff and against Defendant on June 16, 2008 in the amount of $46,920.00. (Doc. 77.) By virtue of the judgment for Plaintiff, Plaintiff now seeks to recover $42,480.00 for attorney's fees and $1915.15 for costs as the prevailing party in this matter pursuant to 29 U.S.C. § 216(b).

## II.  DISCUSSION

### A.  *Attorney's Fees*

The FLSA requires a court to award prevailing employees reasonable attorney's fees and costs in unpaid overtime wages cases.[3] While the award itself is mandatory, the determination of the amount to be awarded is ultimately within the sound discretion of the trial court.[4]

---

[3] 29 U.S.C. § 216(b) provides in relevant part, "the court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id.

[4] Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1543 (11th Cir. 1985).

In fee-shifting statutes such as the FLSA, "the lodestar generally is recognized as a reasonable fee."[5] The Court calculates the "lodestar" by "multiplying the number of hours reasonably expended by a reasonable hourly rate."[6] A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[7] In making its determination as to whether the requested amount of fees is "reasonable," the Court also considers such factors as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; . . . (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.[8]

Plaintiff's counsel, Morgan & Morgan, P.A. represents that it expended 141.6 hours of attorney time representing the Plaintiff in this case at a rate of $300.00 per hour

---

[5] <u>Peet v. C & S Bldg. Maint. Corp.</u>, No. 8:07-cv-1762-T-30TGW, 2008 WL 912431, at *1 (M.D. Fla. Apr. 1, 2008) (citing <u>City of Burlington v. Dague</u>, 505 U.S. 557, 562 (1992)).

[6] <u>Kirby v. JK Lockwood Constr. Co., Inc.</u>, No. 8:07-cv-1505-T-17TGW, 2008 WL 4298214, at * 2 (M.D. Fla. Sept. 16, 2008) (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)); *see also* .<u>Peet</u>, 2008 WL 912431, at *1 n.1.

[7] <u>Norman v. Housing Auth. of City of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988).

[8] <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1544 n.2 (11th Cir. 1985) (citing <u>Johnson v. Ga. Hwy. Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974)).

for the services of Richard B. Celler, Kelly A. Amritt, and Carlos V. Leach for a total of $42,480.00 in attorney's fees.[9]

Because Defendant failed to file a response in opposition, the Court lacks the benefit of the scrutiny and analysis of Plaintiff's motion from the opposing party.[10] Nonetheless, even in the absence of a response from Defendant, the Court has a duty to ensure Plaintiff's request for attorney's fees and costs is reasonable.[11] Ultimately, however, the burden is on the party seeking fees to produce "specific and detailed evidence" demonstrating the reasonableness of the requested amount.[12]

In calculating the number of hours reasonably expended on the litigation, the Court should exclude hours that are excessive, unnecessary, or redundant.[13] Because the services of a single lawyer should have been sufficient to prepare for and try this relatively straightforward FLSA overtime claim, the Court concludes that the hours associated with the attendance of more than one attorney at trial should not be included in the award because the expenditure of such fees was not reasonable nor necessary. The time records submitted by counsel include 16.8 hours for the attendance of Carlos

---

[9] (Docs. 79, 79-2.) According to the itemized list of services and the affidavits of Carlos V. Leach and Kelly A. Amritt which were submitted as exhibits in support of Plaintiff's motion, Mr. Leach, Ms. Amritt and Mr. Celler of Morgan & Morgan, P.A. spent 33.8, 99.2, and 8.6 hours of time, respectively, litigating this matter. Id.

[10] See, e.g., Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is "reasonable.").

[11] Id. at 1347 (citing Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983)).

[12] See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 866, 896 n.11 (1984)) ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.").

[13] Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996).

Leach at trial. Because the case could have been tried by Kelly Amritt without the attendance of a second attorney, the Court has deducted 16.8 hours from the award.[14] Accordingly, the total for attorney's time is due to be adjusted to 124.8 hours.[15]

With respect to the proposed hourly rate, all three of Plaintiff's attorneys request $300.00 per hour for their services. As observed by the Court in *Norman v. Housing Authority of City of Montgomery*, "[n]o two lawyers possess the same skills, and no lawyer always performs at the same level of skill."[16] Thus, the Court's determination of the "prevailing market rate" requires analysis beyond mere acquiescence to an attorney's assertion as to what he or she "customarily bills" clients for his or her services.[17]

Plaintiff has not provided the Court with any objective expert evidence or other evidence substantiating the requested hourly rate of $300. Moreover, other than providing their dates of bar admission the Plaintiff has offered only minimal information concerning the background, educational experience and reputation of Mr. Leach and Ms. Amritt.   Because Plaintiff has failed to provide evidence of the type contemplated by the Court in *Norman*, the Court is left with minimal guidance outside its own expertise

---

[14] "3/10/08 - 3.0 hours - Attend trial in Ocala (cancelled morning of due to Judge's illness) - [Carlos V. Leach (CVL)]" + "3/17/08 - 8.0 hours - Attendance at trial - CVL" + "3/18/08 - 5.8 - Attendance at trial - CVL" = 16.8 hours. (Doc. 79-2 pp. 14-15.)

[15] 8.6 hours for Mr. Celler's time + 17 hours for Mr. Leach's time (16.8 hours were subtracted) + 99.2 hours for Ms. Amritt's time = 124.8 hours

[16] 836 F.2d 1292, 1300 (11th Cir. 1988).

[17] "The parties ought to provide the court with a range of market rates for lawyers of different skill levels . . . involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." Norman, 836 F.2d at 1300.

and independent assessment of the value of the services for each of the attorneys.[18] The Court is not left to operate on a blank slate, however, because the Court has the benefit of the assessment by other judges in this district of a reasonable hourly rate for the same lawyers involved in this case in other similar FLSA cases.[19]

Judges in this district - including judges in the Orlando Division - have determined that a reasonable hourly rate for the services of Ms. Amritt in other routine FLSA cases like this one is $150.00[20] and the reasonable hourly rate for the services of Mr. Leach in FLSA cases is $160.00.[21]  While the services performed by Mr. Celler took place in 2006 at the front-end of the case his time, nonetheless, should be included in the award. The reasonable hourly rate for Mr. Celler's services in other FLSA cases in this district has been determined to be $250.00.[22]

---

[18] *See* Coes v. World Wide Revival, Inc., No. 6:05-cv-563-ORL-DAB, 2007 WL 3334330, at *2 (M.D. Fla. Nov. 7, 2007); Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

[19] *See* notes 20, 21 & 22 *infra.*

[20] Kirby v. JK Lockwood Constr. Co., Inc., No. 8:07-cv-1505-T-17TGW, 2008 WL 4298214, at *2 (M.D. Fla. Sep. 16, 2008)(J. Kovachevich adopting R&R by J. Wilson)(Ms. Amritt's requested hourly rate reduced from $300.00 to $150.00 in an FLSA case); Wallace v. The Kiwi Group, Inc., 247 F.R.D. 679, 685 (M.D. Fla. 2008)(J. Antoon adopting R&R by J. Spaulding)($300.00 per hour request reduced to $150.00 per hour); Hill v. Chequered Flag Auto Sales, Inc., No. 6:05-cv-1597-ORL-18KRS, 2007 WL 710139, at *3 (M.D. Fla. Mar. 6, 2007)(J. Sharp adopting R&R by J. Spaulding)($225.00 per hour request reduced to $150.00 per hour).

[21] Hill v. Windsor Redev. Corp., No. 8:08-cv-19-JDW-TGW, 2008 WL 2421105, at *2 (M.D. Fla. June 13, 2008)(J. Whittemore); Reboucas v. LCM Inv. Group, No. 6:08-cv-280-ORL-28KRS, 2008 WL 4080211 (M.D. Fla. Aug. 28, 2008)(J. Spaulding)($250.00 per hour request reduced to $160.00 per hour) ; Dial v. Little Wagon Errand Servs., Inc., No. 6:07-cv-1072-ORL-28KRS, 2008 WL 227967, at *4 (M.D. Fla. Jan. 25, 2008)(J. Antoon adopting R&R by J. Spaulding(reducing $300.00 per hour request to $160.00 per hour); King v. FSA Network, Inc., No. 6:07-cv-78-ORL-22JGG, 2007 WL 3072262, at *3 (M.D. Fla. Oct. 19, 2007)(J. Conway adopting R&R by J. Glazebrook)("Although Leach has substantial experience in FLSA cases, these cases typically are not complex and do not require a high degree of skill to represent the plaintiff... The Court finds that a rate of $160/hour is a reasonable hourly rate for Leach ...").

[22] Swisher v. The Finishing Line, Inc., No. 6:07-cv-1542-ORL-28UAM, 2008 WL 4330318, at *7 (M.D. Fla. Sept. 22, 2008)(J. Antoon adopting R&R by J. Kelly);  Hill v. Chequered Flag Auto Sales, Inc.,

(continued...)

Accordingly, consistent with the hourly rates awarded previously in this district for the services of Mr. Celler, Ms. Amritt, and Mr. Leach - and in the absence of independent evidence of the type required by *Norman* to support a higher hourly rate - the Court concludes that the requested hourly rate of $300.00 for each of Plaintiff's attorneys is outside the realm of a "reasonable" hourly rate for services rendered in the Central Florida legal market[23] in a routine and non-complex FLSA case like this case. The Court, therefore, concludes that the reasonable hourly rates to be applied to the lodestar is $250/hour for Mr. Celler, $160/hour for Mr. Leach and $150/hour for Ms. Amritt.

Applying these respective hourly rates to the reasonable number of hours expended by these attorneys on behalf of the Plaintiff results in a total award for attorney's fees the sum of $19,750.00.[24]

## B. Costs

The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff.[25] The Eleventh Circuit has held that in FLSA cases, courts may award as costs

---

[22](...continued)
2007 WL 710139, at *3; <u>Salerno v. Bouchelle Island Dev. Corp.</u>, No. 6:05-cv-1841-ORL-31DAB, 2007 WL 113983, at *2 (M.D. Fla. Jan. 10, 2007)(J. Presnell adopting R&R by J. Baker).

[23] The relevant legal market considered by the Court is the Central Florida legal market, which would encompass the Ocala and Orlando Divisions. The Court recognizes that the case was filed in the Ocala Division, where the hourly rates of attorneys may be somewhat lower than the rates charged in a larger urban area like Orlando. However, the case was tried in the Orlando Division and therefore the Court has given Plaintiff's counsel the benefit of using the slightly higher hourly rates in the Orlando market.

[24] (8.6 hours for Celler x $250 = $2150) + (17 hours for Leach x $160 = $2720) + (99.2 hours for Amritt x $150 = $14,880) = $19,750.00.

[25] 29 U.S.C. §216(b).

those expenses permitted by 28 U.S.C. § 1920.[26]  Plaintiff requests $1915.15 in costs, which include the filing fee, service fee, appearance fee for the court reporter, deposition transcripts for the depositions of Plaintiff and Defendant, copying costs charged by Defendant, Pacer charges, investigator costs, service fee for trial witnesses, hotel charges for trial, and trial witness fees.[27] The Court has reviewed these costs and the back-up provided by Plaintiff and concludes that all of the expenses are permitted under §1920 and are, therefore, recoverable except the $255.00 expense for an investigator[28] and the $504.76 charge for two nights of lodging during trial at The Grand Bohemian hotel. [29]

Accordingly, costs in the sum of $1571.05 should be taxed against the Defendant.[30]

## III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Amended Motion for Award of Attorney's Fees and Costs (Doc. 79) be **GRANTED in**

---

[26] Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

[27] In adding the costs listed in Plaintiff's Fees and Costs Ledger ($350.00 + $90.00 + $170.00 + $197.85 + $400.95 + $22.00 + $58.00 + $11.25 + $255.00 + $110.00 + $504.76 + $75.19 + $85.51), the total amount sought equals $2330.81, which is $415.66 more than the amount requested in Plaintiff's motion and attached affidavits. (Docs. 79 ¶ 15, 79-2 pp. 3, 5, 17.) It appears that the $415.66 is a calculation error.

[28] Tinch v. City of Dayton, 199 F.Supp. 2d 758, 770 (S.D. Ohio 2002)("Courts have held that a prevailing party is not entitled to recover expenses incurred by an investigator, since those expenses are not set forth as recoverable costs under § 1920.").

[29] See, e.g. Embotelladora Agral Regio-Montana, S.A. v. Sharp Capital, Inc., 952 F.Supp. 415, 418 (N.D. Tex. 1997)(travel expenses of attorneys are not recoverable under § 1920); Tang How v. Edward J. Gerrits, Inc., 758 F.Supp. 1540, 1546 (S.D. Fla. 1991)("Absent extraordinary or compelling circumstances, travel of attorneys is generally not a taxable cost.").

[30] $2330.81 - ( $255.00 + $504.76) = $1571.05.

**part and DENIED in part**. Plaintiff should be awarded **$19,750.00** in attorney's fees and costs in the amount of **$1571.05**  for an award in the total sum of **$21,321.05**.

      **IT IS SO ORDERED.**

      **DONE AND ORDERED** in Ocala, Florida, on October 10, 2008.

GARY R. JONES
United States Magistrate Judge

Copies to:

      The Honorable Patricia C. Fawsett
      Senior United States District Judge

      All Counsel

      Technodent National, Inc.
      c/o Maher M. Odeh
      2329 W. Main Street
      Leesburg, FL 34748