ROXIE MOON,

                Plaintiff,

-vs-                                       Case No. 5:06-cv-358-Orl-PCF-GRJ

TECHNODENT NATIONAL, INC., a Florida
Corporation,

                Defendant.

_____

# ORDER

This cause came on for consideration on the Report and Recommendation of the United States Magistrate Judge Regarding Plaintiff's Amended Motion for Award of Attorney's Fees and Costs (Doc. No. 87, filed Oct. 10, 2008), and the Objection of Plaintiff to the Report and Recommendation of the United States Magistrate Judge (Doc. No. 88, filed Oct. 21, 2008).

## Background

This Fair Labor Standards Act case was tried before a jury on March 17 and 18, 2008. (Doc. Nos. 64, 65.) The primary issue in the case was whether the employee and Plaintiff, Roxie Moon, was exempt from the Act's overtime provision based on the executive exemption,[1] and if not, how many hours of overtime Moon worked. (*See* Doc. No 41, filed Feb. 21, 2008 (denying summary judgment).) The jury found for Moon and determined that she was entitled to $23,460.00 in unpaid overtime wages. (Doc. No. 67, filed Mar. 18, 2008.) The Court later awarded liquidated damages in an amount equal to the verdict. (Doc. No. 75, filed May 19, 2008.)

---

[1]     29 C.F.R. § 541.100 (2007).

Several weeks after the Court entered judgment, Plaintiff moved for an award of attorneys'

fees.  (Doc. No. 79, filed July 3, 2008.)  The Motion specified that all three attorneys assigned to the

case, Richard B. Celler, Kelly A. Amritt, and Carlos V. Leach, had a "hourly rate for prosecution

of FLSA claims" of $300 per hour.  (*Id.* at 3-4.)

With regard to Mr. Celler, the Motion explained:

> Mr. Celler has been a member of the bar of this Court and the Florida Bar since
> 1999, and has successfully obtained relief for Plaintiffs and Defendants in FLSA
> matters since that time. As Mr. Celler's practice concentrates on representing
> Plaintiffs and Defendants in FLSA cases, he has represented over 2000 such
> Plaintiffs and Defendants over that period of time. Additionally, the undersigned
> [sic][2] has lectured at numerous seminars sponsored by the Labor and Employment
> Section of the Florida Bar, Society for Human Resources Management, and other
> affairs regarding the FLSA. Prior to becoming a partner with the law firm of Morgan
> & Morgan, P.A., Mr. Celler owned his own law firm, and was previously an
> associate/senior associate at Morgan, Lewis and Bockius, LLP, and Steel Hector and
> Davis, LLP.

(*Id.* at 3-4.)

By contrast, the Motion gave a briefer description of Mr. Leach's and Ms. Amritt's

professional experience.  With regard to Ms. Amritt, the Motion stated, "Ms. Amritt has been a

member of the Florida Bar since 2003, and has successfully obtained relief for Plaintiffs in FLSA

matters since that time. As Ms. Amritt's practice concentrates exclusively on representing Plaintiffs

in FLSA cases, she has represented over 1000 such Plaintiffs over that period of time."  (*Id.* at 4.)

Regarding Mr. Leach, the Motion stated, "Ms. Leach has been a member of the Florida Bar since

[sic],[3] and has likewise successfully obtained relief for Plaintiffs in FLSA matters since that time.

---

[2]     The Motion was signed by Kelly A. Amritt, not Richard Celler.

[3]     The date is left blank in the Motion.

As Mr. Leach's practice now concentrates exclusively on representing Plaintiffs in FLSA cases, he has represented over 1000 such Plaintiffs over that period of time." (*Id.*)

In addition, the Motion included affidavits from Mr. Leach and Ms. Amritt. The affidavit from Ms. Amritt contained no additional information regarding the reasonableness of her claimed fees. (Doc. No. 79-2 at 2-3.) Mr. Leach's affidavit cited three cases from the Ocala division of this Court where he was awarded attorneys' fees based on an hourly rate of between $250 and $300 per hour.[4] (*Id.* at 4-5.)

In his Report and Recommendation, the Magistrate noted that the "the burden is on the party seeking fees to produce 'specific and detailed evidence' demonstrating the reasonableness of the requested amount." (Doc. No. 87 at 4 (quoting *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1998)).) Although Defendant did not oppose the requested attorneys' fees,[5] the Magistrate found that the fees were unreasonable in two aspects. First, citing the Court's responsibility to eliminate unnecessary or redundant fees, the Magistrate concluded that the hours associated with Mr. Leach's attendance could not be awarded because the case was relatively straightforward and could have been tried by Ms. Amritt without assistance. (*Id.* at 4-5.) Second, both Ms. Amritt and Mr. Leach failed to provide the Court with evidence substantiating their requested hourly rates of $300. (*Id.* at 5.) Therefore, the Court was required to rely on its own expertise to calculate the appropriate hourly rate. (*Id.* at 6.) The Magistrate performed this task by examining hourly rates for which Ms. Amritt and Mr. Leach had been previously compensated in

---

[4]     This case originated in the Ocala division of the Middle District of Florida. However, the case was transferred to the undersigned Judge approximately one week before trial. (Doc. No. 57, filed Mar. 10, 2008.)

[5]     Defendant Technodent's attorney withdrew from representation after the Motion was filed. (Doc. Nos. 80, 83.) The corporation is currently unrepresented.

other cases from the Middle District of Florida. (*Id.*) Ultimately, the Magistrate determined that $150 per hour was appropriate for Ms. Amritt and $160 per hour was appropriate for Mr. Leach. (*Id.*)

Plaintiff objects to the elimination of Mr. Leach's time spent at trial and the reduction of Mr. Leach's and Ms. Amritt's respective hourly rates. (Doc. No. 88 at 1-5.) Specifically, Plaintiff argues that this case was "not the standard overtime dispute involving the number of overtime hours worked," and therefore it was reasonable to have two attorneys present at trial. (*Id.* at 2.) Plaintiff also notes that four witnesses were called during the case-in-chief, that the Undersigned complemented Mr. Leach and Ms. Amritt on their efficient presentation of the case, and that the jury found in Plaintiff's favor. (*Id.*) Regarding the reduction in hourly rates, Plaintiff argues that the Magistrate ignored a number of other cases where Mr. Leach and Ms. Amritt were awarded $300 per hour in attorneys' fees. (*Id.* at 3-5.)

## Standard of Review

A party seeking to challenge the findings in a report and recommendation must file "written objections which specifically identify the portions of the proposed findings and recommendation[s] to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper specific objection, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Id.* at 783-84. The remainder of the report is reviewed for clear error. *Id.* at 784. The district court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* at 784.

**Analysis**

Both of Plaintiff's objections are without merit. As to the first objection, the Magistrate appropriately eliminated Mr. Leach's redundant fees. Plaintiff correctly notes in its Motion seeking attorneys' fees that "[h]ours reasonably expended means work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." (Doc. No. 79 at 2 (citing *Perkins v. Mobile Hous. Auth.*, 847 F.2d 735, 738 (11th Cir. 1988)).) A reasonable client would be unlikely to authorize a law firm to send two partners to try a case as straightforward as this one. (*See* Doc. No. 79-2 at 2-5 (explaining that Mr. Leach and Ms. Amritt are partners at Morgan & Morgan).) The issue of whether the executive exemption of the Fair Labor Standards Act applies is not one of the more complicated matters tried in federal court. Further, while the Court did complement Mr. Leach and Ms. Amritt on their efficient presentation of the case, the Court's comments should not be taken as approval of their firm's staffing decision. Notably, the Court also complemented Defendant's attorney, Richard L. Bradford, who tried the case alone.

The Court also agrees with the Magistrate's decision to reduce Ms. Amritt's and Mr. Leach's respective hourly rates. Plaintiff's evidentiary submission in support of the request for attorneys' fees was clearly inadequate. The Eleventh Circuit has explained that a plaintiff seeking attorneys' fees has the burden to produce "specific and detailed evidence" in support of the request. *Norman*, 836 F.2d at 1303. In fact, "[t]he parties ought to provide the court with a range of market rates for lawyers of different skill levels . . . involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." *Id.* at 1300.

Despite this clear guidance, Plaintiff merely presented two affidavits which explained that both attorneys were partners and "bill [their] clients at a rate of $300.00 per hour . . . ." (Doc. No. 79-2 at 2, 4.) While Plaintiff is correct that Judges of this Court have previously awarded Mr. Leach and Ms. Amritt fees based on a $300 hourly rate, (*see* Doc. No. 88 at 3-4), these same Judges have also awarded Mr. Leach and Ms. Amritt fees based on lower hourly rates. (*See* Doc. No. 86 at 6 n.20 & n.21.) In other words, the cases cut both ways. Given the inadequacy of Plaintiff's evidentiary submissions in support of the attorneys' fees request and the relatively straightforward nature of this case, the Magistrate's selection of a lower hourly rate was appropriate.

## Conclusion

The Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge Regarding Plaintiff's Amended Motion for Award of Attorneys' fees and Costs, (Doc. No. 87, filed Oct. 10, 2008), and **OVERRULES** the Objection of Plaintiff to the Report and Recommendation of the United States Magistrate Judge, (Doc. No. 88, filed Oct. 21, 2008).

Plaintiff is awarded: (1) attorneys' fees in the amount of $19,750.00, and (2) costs in the amount of $1,571.05, for a total sum of $21,321.05.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 15, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Defendant